security record, *Provident Savings Life Assurance Society* v. *Ford*, 114 U. S. 635; often denominated by courts as a debt of record, *Heinl* v. *Terre Haute*, 161 Ind. 44; 66 N. E. 450. It is evidence of indebtedness of the highest degree known to the law. *Ambler* v. *Whipple*, 139 Ill. 311; 28 N. E. 841. While it is true, as pointed out by counsel for the Commissioner, that interest upon judgments allowed by statute is not interest in the strict sense but is in the nature of liquidated damages for delay in payment, *Wyoming National Bank of Laramie* v. *Brown*, 7 Wyo. 494; 53 Pac. 291; *Morley* v. *Lake Shore Railway Co.*, 146 U. S. 162, we nevertheless are of the opinion that it is interest on indebtedness, within the meaning of section 214 (a) (2) of the Revenue Acts of 1918 and 1921. The indebtedness does not fall within any exceptions provided in those sections, and it therefore follows that the taxpayer, in computing his income for the years 1920 and 1921, is entitled to deduct the amounts paid by him in those years as interest thereon. In all other respects the determination of the Commissioner is approved.

On reference to the Board, PHILLIPS dissents.

---

## APPEAL OF LOUIS ABRAMS.

Docket No. 4659. Submitted October 1, 1925. Decided January 19, 1926.

*George G. Witter, Esq.*, for the Commissioner.

Before TRAMMELL and LOVE.

This is an appeal from the determination of a deficiency in income tax for 1922 in the amount of $878.63. It arises from the fact that the Commissioner included in taxable income for that year $10,221.53, as profits realized in the exchange by the taxpayer of his interest in a partnership for stock in a successor corporation.

The answer of the Commissioner admits all the material allegations of fact contained in the taxpayer's petition, and the appeal was submitted upon the pleadings.

### FINDINGS OF FACT.

Prior to July 1, 1922, the taxpayer owned a one-half interest in a certain partnership operated under the trade names of Metropolitan Bedding Manufacturing Co. and Metropolitan Furniture Manufacturing Co. The other partner was Max Ostrow. This partnership was terminated on June 30, 1922, by the withdrawal by Ostrow of $15,000, whereupon the taxpayer became the sole owner of the business.

After the termination of the above partnership, the taxpayer entered into a second partnership agreement, dated July 29, 1922, with Harry Horblit, under the terms of which the taxpayer contributed the business of the Metropolitan Bedding Manufacturing Co. and the Metropolitan Furniture Manufacturing Co., and Horblit contributed in cash and notes $15,000. The taxpayer had a two-thirds interest and Horblit a one-third interest in this partnership.

In August, 1922, the taxpayer and Horblit entered into an agreement with Henry Rachman to form a corporation. The taxpayer and Horblit agreed to transfer the interest of the partnership to the corporation as their interests existed on July 1, 1922. The profits from that date to the date of incorporation were to be held in trust for the benefit of the three parties to the agreement. The taxpayer, in addition to his interest in the partnership, agreed to give his promissory note to the corporation for $5,000, and Rachman agreed to pay in to the corporation $25,000 in cash and notes. The authorized capital stock of the corporation was 750 shares, having a total par value of $75,000, and was issued as follows:

|  | Par value. |
|---|---|
| Harry Horblit, copartnership interest, 150 shares | $15,000 |
| Henry Rachman, cash and notes, 250 shares | 25,000 |
| Louis Abrams, copartnership interest, 300 shares | 30,000 |
| Louis Abrams, note, 50 shares | 5,000 |

On the above state of facts, the Commissioner determined that the taxpayer received the equivalent of cash to the extent of $30,000 for his interest in the partnership, which the Commissioner determined cost him $19,778.47, making a difference of $10,221.53, representing taxable profit from the transaction.

DECISION.

The determination of the Commissioner is approved.

---

APPEAL OF PERCIVAL H. TRUMAN.

Docket No. 5346.   Sumbitted October 10, 1925.   Decided January 19, 1926.

A partner who keeps his books on the cash basis is required to report his distributive share of the partnership income computed on the accrual basis, if that is the basis adopted by the partnership for keeping its books and reporting its income, when no question is raised that such methods do not correctly reflect the income of the partnership.

*Percival H. Truman* pro se.
*J. W. Fisher, Esq.,* for the Commissioner.